UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTT M.,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 3:20-CV-752-JVB |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br>　　　　Defendant. | )<br>)<br>)<br>) |

**OPINION AND ORDER**

Plaintiff Scott M. seeks judicial review of the Social Security Commissioner's decision denying his application for disability insurance benefits and asks this Court to reverse that decision and remand this matter to the agency for further administrative proceedings. For the reasons below, this Court reverses the Administrative Law Judge's decision and remands this matter for further administrative proceedings.

**PROCEDURAL BACKGROUND**

In Plaintiff's March 16, 2018, application for benefits, he alleged that he became disabled on March 1, 2018. After a June 25, 2019 hearing, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of lumbar degenerative disc disease and right hip degenerative joint disease. (AR 17). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had the residual functional capacity (RFC) to

> perform medium work . . . except he can occasionally climb ladders, ropes or scaffolds; frequently climb ramps or stairs, balance, stoop, kneel, crouch and crawl. He is limited to work that can be performed on even terrain. He does not require an assistive device. He should have no exposure to unprotected heights.

(AR 18). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was able to perform his past relevant work as a tractor trailer truck driver, landscape specialist, and snowplow operator as

actually performed and as generally performed in the national economy. (AR 22). Accordingly, the ALJ found Plaintiff to be not disabled from March 1, 2018, through March 31, 2019, which is the date Plaintiff was last insured. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [he] can perform [his] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

**ANALYSIS**

Plaintiff argues that the ALJ's decision is not supported by substantial evidence. He asserts the ALJ erred (1) in concluding that the medical evidence does not establish medically determinable impairments of the knee, cervical spine, and right shoulder, (2) in evaluating symptom testimony, and (3) in finding Plaintiff could perform his past work as a tractor trailer driver even if he were limited to light work. The Court begins with the argument regarding medically determinable impairments. The asserted error regarding the Plaintiff's right shoulder is dispositive, so the Court's analysis concludes after resolving the first of Plaintiff's three identified issues.

The ALJ found that Plaintiff did not have medically determinable impairments of his knee, cervical spine, and right shoulder. To be medically determinable, an impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. Impairments "must be established by objective medical evidence from an acceptable medical source." *Id.* "Objective medical evidence" includes medical signs—"anatomical, physiological, or psychological abnormalities that can be observed." 20 C.F.R. § 404.1502(g). Plaintiff assets that consultative physician Dr. Gupta's examination report contains objective medical evidence to show medically determinable impairments.

Regarding Plaintiff's right knee, the examination revealed pain, tenderness, and reduced flexion. (AR 265, 267). Dr. Gupta's diagnostic impressions were history of a meniscus tear and right knee surgery. (AR 266). The ALJ noted, however, that an x-ray of the knee taken in June 2018 was normal. (AR 18 (citing AR 272)). This is consistent with the agency reviewing physicians, who noted the normal x-ray in finding that the restrictions Dr. Gupta opined to were

3

not supported by the other medical evidence in the file. (AR 67-68, 79). The question before the Court is whether substantial evidence supports the ALJ's decision, not whether substantial evidence would support another conclusion. That is, it is not within the Court's purview to reweigh the evidence or resolve conflicts in the evidence. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). That task falls to the ALJ, and Plaintiff has not provided the Court with a reason to disturb the ALJ's decision, which is supported by substantial evidence.

Regarding Plaintiff's cervical spine, the ALJ noted that curvature was normal without spinal or paraspinal tenderness and with normal range of motion. (AR 18). These findings are from Dr. Gupta's examination report. *See* (AR 264). The ALJ also noted there was no imaging in the record to support a diagnosis of cervical spondylosis. (AR 18). Treating physician Dr. Kora listed cervical vertebral osteoarthritis as an active problem or assessment on multiple occasions. (AR 238, 242, 244, 248, 252, 254, 256, 260, 289, 298). But, with no objective medical evidence specified to support cervical vertebral osteoarthritis and normal findings from Dr. Gupta's examination, the ALJ was right to decline to find a medically determinable impairment here.

Regarding Plaintiff's shoulder, it appears that he did not initially allege any problems with it. *See* (AR 162 (listing, in Plaintiff's disability application, allegations of high blood pressure and knee and back problems)). However, Dr. Gupta noted pain and tenderness in the right clavicle, decreased range of motion in abduction adduction, forward elevation, internal rotation, and external rotation of the shoulder, and reduced strength. (AR 265, 267). The ALJ stated that "there is no documented evidence in the record that would support a right shoulder impairment," noting the deficiencies identified by Dr. Gupta but also noting "there is no imaging in the record of the claimant's right upper extremity, or any diagnostic evidence, which would support a right shoulder

4

impairment." (AR 18). But the ALJ omits the fact that the reduced strength and ranges of motion are themselves medical signs that could support an impairment.

Dr. Gupta's impression was history of dislocated right side clavicle diagnosed in 1989 with no surgery and causing pain to the right arm/hand and decreased range of motion in the right shoulder. (AR 265-66). Additionally, treating physician Dr. Kora repeatedly listed shoulder arthritis as an active problem or diagnosis, (AR 238, 242, 244, 248, 252, 256, 260, 287-88, 289, 298), though Plaintiff has not identified any objective medical evidence that led Dr. Kora to this conclusion.

As the Court found above, it was appropriate for the ALJ to resolve conflicting evidence regarding the existence of impairments of the knee and cervical spine. He resolved them by finding no medically determinable impairment. Here, regarding Plaintiff's shoulder, however, there is no normal imaging (there is, in fact, no imaging), and the consultative examination did not result in normal findings. The *only* evidence identified regarding Plaintiff's shoulder is that he reported an injury from decades ago and now has shooting pains in his shoulder radiating to the arm with numbness and tingling sensations and the examination report of decreased strength and range of motion. (AR 265, 267). If the ALJ were confronted with conflicting evidence, it would be his prerogative to resolve the conflict. Here, though, there is no conflicting evidence, and the ALJ has dismissed a whole line of evidence—including the medical signs of decreased strength and reduced ranges of motion—because another piece of evidence that *does not exist*.

Additionally, no medical professional stated that imaging was necessary. Dr. Gupta did not state that imaging would be needed to confirm a shoulder impairment. The reviewing physicians were silent on the subject of Plaintiff's shoulder, though certain other x-rays were needed and were performed. (AR 64). The inference is that an x-ray was not necessary.

Of course, it is possible that the lack of allegation regarding shoulder issues in Plaintiff's application for benefits has confused this matter. However, the Court cannot say that substantial evidence supports the ALJ's decision regarding Plaintiff's shoulder when the ALJ rejected all existing medical evidence of shoulder issues because of the *absence* of other evidence. This is especially true because the Social Security Administration's paperwork does not include shoulder imaging in a list of necessary imaging. (AR 64).

Because substantial evidence does not support the ALJ's decision regarding Plaintiff's shoulder, the ALJ erred, and this case must be remanded. Because proper consideration of Plaintiff's shoulder may lead to a new step two finding on remand, further analysis of the subsequent steps in the sequential process would not serve the interest of judicial economy.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief in Support of Complaint to Reverse the Decision of the Commissioner of Social Security [DE 24], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on October 13, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT